UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TROY C. WALLACE ET AL.,

       Plaintiffs,

  – against –

STATE OF NEW YORK ET AL.,

       Defendants.
---------------------------------------------------------------X
SANTIAGO PENA MARVIN,

       Plaintiff,

  – against –

COUNTY OF SUFFOLK ET AL.,

       Defendants.
---------------------------------------------------------------X
ANGEL RESTO,

       Plaintiff,

  – against –

NEW YORK STATE DEPT. OF SOCIAL SERVICES
COMMISSIONER GREGORY BLAS, ET AL.,

       Defendants.
---------------------------------------------------------------X
JOSEPH BULLARD,

       Plaintiff,

  – against –

NEW YORK STATE DEPT. OF SOCIAL SERVICES
COMMISSIONER GREGORY BLAS, ET AL.,

       Defendants.
---------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 02 2013 ★
LONG ISLAND OFFICE

ORDER
12-CV-5866 (JFB) (WDW)

ORDER
13-CV-0154 (JFB) (WDW)

ORDER
13-CV-01301 (JFB) (WDW)

ORDER
13-CV-01303 (JFB) (WDW)

```
----------------------------------------X
ALBERT BENTON,                          :
                                        :
                Plaintiff,              :    ORDER
                                        :    13-CV-01310 (JFB) (WDW)
    – against –                         :
                                        :
NEW YORK STATE DEPT. OF SOCIAL SERVICES :
COMMISSIONER GREGORY BLASS, ET AL.,     :
                                        :
                Defendants.             :
----------------------------------------X
ANDRE BRIGGS,                           :
                                        :
                Plaintiff,              :    ORDER
                                        :    13-CV-01501 (JFB) (WDW)
    – against –                         :
                                        :
NEW YORK STATE DEPT. OF SOCIAL SERVICES :
COMMISSIONER GREGORY BLAS, ET AL.,      :
                                        :
                Defendants.             :
----------------------------------------X
PHILLIP RILEY,                          :
                                        :
                Plaintiff,              :    ORDER
                                        :    13-CV-01503 (JFB) (WDW)
    – against –                         :
                                        :
NEW YORK STATE DEPT. OF SOCIAL SERVICES :
COMMISSIONER GREGORY BLAS, ET AL.,      :
                                        :
                Defendants.             :
----------------------------------------X
JERRY KEE,                              :
                                        :
                Plaintiff,              :    ORDER
                                        :    13-CV-01504 (JFB) (WDW)
    – against –                         :
                                        :
NEW YORK STATE DEPT. OF SOCIAL SERVICES :
COMMISSIONER GREGORY BLAS, ET AL.,      :
                                        :
                Defendants.             :
----------------------------------------X
```

```
---------------------------------------X
JASON BULLOCK,                          :
                                        :
                    Plaintiff,          :    ORDER
                                        :    13-CV-01505 (JFB) (WDW)
       – against –                      :
                                        :
NEW YORK STATE DEPT. OF SOCIAL SERVICES :
COMMISSIONER GREGORY BLAS, ET AL.,      :
                                        :
                    Defendants.         :
---------------------------------------X
THEODORE WELLS,                         :
                                        :
                    Plaintiff,          :    ORDER
                                        :    13-CV-01506 (JFB) (WDW)
       – against –                      :
                                        :
NEW YORK STATE DEPT. OF SOCIAL SERVICES :
COMMISSIONER GREGORY BLAS, ET AL.,      :
                                        :
                    Defendants.         :
---------------------------------------X
MARTIN NEWKIRK,                         :
                                        :
                    Plaintiff,          :    ORDER
                                        :    13-CV-01631 (JFB) (WDW)
       – against –                      :
                                        :
NEW YORK STATE DEPT. OF SOCIAL SERVICES :
COMMISSIONER GREGORY BLAS, ET AL.,      :
                                        :
                    Defendants.         :
---------------------------------------X
CLEVELAND JACKSON,                      :
                                        :
                    Plaintiff,          :    ORDER
                                        :    13-CV-01633 (JFB) (WDW)
       – against –                      :
                                        :
NEW YORK STATE, ET AL.,                 :
                                        :
                    Defendants.         :
---------------------------------------X
```

------------------------------------------X
BENJAMIN M. BROWN,

                Plaintiff,                ORDER
                                                          13-CV-01634 (JFB) (WDW)

  – against –

NEW YORK STATE, ET AL.,

                Defendants.
------------------------------------------X
JOSE ESCOBAR,

                Plaintiff,              ORDER
                                                          13-CV-01636 (JFB) (WDW)

  – against –

NEW YORK STATE, ET AL.,

                Defendants.
------------------------------------------X

JOSEPH F. BIANCO, District Judge:

By Order dated March 8, 2013, the Court granted the County defendants' request to consolidate cases bearing docket numbers 12-CV-5866 and 13-CV-0154. The *pro se in forma pauperis* complaints in both actions were brought by homeless sex offenders who utilized temporary and emergency housing in the Suffolk County DSS's overnight placement facilities in Riverhead and/or Westhampton, alleging violations of their constitutional rights under 42 U.S.C. § 1983. Specifically, the plaintiffs in both actions complained of the defendants' enforcement of residency restrictions which they allege are preempted under state law. The Court directed that the clerk of the court close 13-CV-0154 and docket all orders in either case under 12-CV-5866, the first-filed lawsuit (the "Consolidated Action"). Since the March 8th Order, the Court has received twelve additional *in forma pauperis pro se* complaints that allege the same issues against largely the same parties as those in the Consolidated Action. These cases were assigned

docket numbers: 13-CV-1301, 13-CV-1303, 13-CV-1310, 13-CV-1501, 13-CV-1503, 13-CV-1504, 13-CV-1505, 13-CV-1506, 13-CV-1631, 13-CV-1633, 13-CV-1634, and 13-CV-1636. For the reasons that follow, the Court hereby orders that all of the above-captioned cases be consolidated.

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

Consolidation is appropriate in order to serve the interests of judicial economy. *See, e.g., Jacobs v. Castillo*, No. 09 Civ. 953 (CM), 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009) ("Consolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," *Johnson*, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," *Devlin*, 175 F.3d at 130 (internal citations omitted). Cases may be consolidated where, as here, there are different parties in the complaints. *See Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) ("The fact that there are different parties in this action does not mean this case should not be consolidated."); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004) (explaining that consolidation is appropriate even where certain defendants are named in only one of the complaints). Cases may also be consolidated even where, as here, there are differences in the

5

causes of action. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) ("Differences in causes of action . . . do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation."). The paramount concern is thus whether savings of expense and gains of efficiency can be accomplished without sacrifice of justice. *Johnson*, 899 F.2d at 1285 ("Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.").

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Kellen Co. v. Calphalon Corp.*, 54 F. Supp.2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); *accord Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. *See Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *First City Nat'l Bank & Trust Co.*, 878 F.2d at 80; *Kellen*, 54 F. Supp. 2d at 221.

Here, in each of the complaints in the fourteen (14) above-captioned actions, the plaintiffs challenge the constitutionality of certain residency restrictions. There are numerous common issues of law and fact among these cases. *See Johnson*, 899 F.2d at 1284; *Devlin*, 175 F.3d at 130. The fact that some of the plaintiffs have sought to overturn an additional law, the New York Sex Offender Registration Act, Correction Law Article 6-C § 168 *et seq.* (also known as Megan's Law), as *ex post facto* punishment does not bar consolidation. *See Kaplan*, 240 F.R.D. at 91. Moreover, the fact that there are some different parties in the two actions does not mean

6

that the cases should not be consolidated. *See Werner*, 797 F. Supp. at 1211. Rather, the Court, in its discretion, has determined that these differences, given the common questions of law and fact in both cases, do not outweigh the interests of judicial economy served by consolidation. Accordingly,

IT IS HEREBY ORDERED that the fourteen (14) above-captioned actions be consolidated for all purposes to proceed under the lead case, 12-CV-5866, the Consolidated Action. Accordingly, the Clerk of the Court is directed to (1) consolidate these actions, and (2) mark all of the member cases (*i.e.*, all of the cases consolidated under 12-CV-5866) closed. All future filings are to be docketed in the lead case, 12-CV-5866.

IT IS FURTHER ORDERED that the application to proceed *in forma pauperis* in each member case is granted.

IT IS FURTHER ORDERED that these matters are deemed "related" only to the extent that they relate to the subject matter of the Consolidated Action. Any future civil action commenced *pro se* by any of the consolidated plaintiffs shall not be deemed "related" pursuant to Rule 50.3.1(e)(2) of the Guidelines for the Division of Business Among District Judges and thus automatically assigned to the undersigned. Rather, any future actions commenced *pro se* by any of the consolidated plaintiffs shall be randomly assigned or, if one of the consolidated plaintiffs has previously filed a *pro se* complaint unrelated to the Consolidated Action, his action shall be automatically assigned to the district judge who presided over the earlier-filed action.

FINALLY, IT IS ORDERED that when a *pro se* action is hereafter filed in this Court which relates to the subject matter of the Consolidated Action, the Clerk of the Court shall:

1. Assign each subsequently filed action a new case number to proceed before the undersigned and Magistrate Judge William D. Wall;

7

2.   Docket this Order in each such action;

3.   Consolidate each such action with the Consolidated Action and make an appropriate entry on the Consolidated Action's docket so indicating;

4.   Mail a copy of this Order to the plaintiff in each such action; and

5.   Administratively close each such action.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:   April 2, 2013
         Central Islip, New York